David Laurence **FREDLUND**, Petitioner—Appellant,

v.

Joan **PALMATEER**, Respondent—Appellee.

No. 02–35311.

D.C. No. CV–99–01477–REJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2003.

Decided Feb. 18, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before BRUNETTI, T.G. NELSON, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

David Fredlund appeals the district court's denial of his petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm. Because the facts are known to the parties, we do not recite them here.

The Oregon Circuit Court denied Fredlund's post-conviction relief petition concluding that the improper use of the burglary conviction at trial "was too inconsequential to have had any tendency to affect the outcome of the case, and did not undermine the reliability of the verdict." The court also found that "[t]he evidence of petitioner's attack on the victim, including petitioner's own admissions that he had choked the victim and put duct tape over her mouth, was substantial."

The state court's "determination of the facts in light of the evidence presented in the State court proceeding" was reasonable.[1] The state court correctly concluded that the evidence against Fredlund, including his own testimony, was overwhelming. Additionally, the state court properly applied "clearly established Federal law, as determined by the Supreme Court."[2] In light of the overwhelming evidence, there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[3] Thus, Fredlund has neither established that the state court erred nor satisfied AEDPA's standard for granting the writ.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See* 28 U.S.C. § 2254(d)(2).

2. *Id.* at § 2254(d)(1).

3. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

